FILED
04-26-2021
Clerk of Circuit Court
Waukesha County
2021CV000682

STATE OF WISCONSIN       CIRCUIT COURT       WAUKESHA COUNTY

GEOFFREY D. WILBER
1900 Highland Drive
Elm Grove, Wisconsin 53122,

Case Code: 30303

MACEE M. WILBER
1900 Highland Drive
Elm Grove, Wisconsin 53122,

AMOUNT CLAIMED IS
GREATER THAN $10,000.00

    Plaintiffs,

v.

ANTHEM BLUE CROSS BLUE SHIELD
220 Virginia Avenue
Indianapolis, Indiana 46204
Registered Agent: CT Corporate Systems
301 South Bedford Street
Suite 1
Madison, Wisconsin 53703,

Defendant.

## COMPLAINT

**NOW COMES** the Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER, by their attorneys, GRUBER LAW OFFICES, LLC, by Attorney Geoffrey D. Wilber and allege as follows:

### GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR DAMAGES

1. That the Plaintiff, GEOFFREY D. WILBER, is an adult individual residing at 1900 Highland Drive, in the Village of Elm Grove, County of Waukesha, State of Wisconsin, 53122.

2. That the Plaintiff, MACEE M. WILBER, is an adult individual residing at 1900 Highland Drive, in the Village of Elm Grove, County of Waukesha, State of Wisconsin, 53122.

3.  That the Defendant, ANTHEM BLUE CROSS BLUE SHIELD, is a foreign corporation organized and existing under the laws of the State of Indiana, with its principal offices located at 220 Virginia Avenue, Indianapolis, Indiana, 46204; that Defendant, ANTHEM BLUE CROSS BLUE SHIELD, was at all times material herein, the health insurance carrier of the Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER, pursuant to § 803.04(2), Wis. Stats., and is a proper party Defendant by reason of the terms of its policy and the laws of the State of Wisconsin.

4.  That on or about the 22nd day of December, 2020, the Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER, submitted medical bills to the Defendant, ANTHEM BLUE CROSS BLUE SHIELD, on behalf of the Plaintiffs' minor daughter, who had been admitted to a long-term, in-patient medical facility; that payment of the submitted medical bills and all future medical bills associated with the treatment provided by the long-term, in-patient medical facility was denied.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT AND VIOLATION OF WIS. STAT. § 628.46 FOR GEOFFREY D. WILBER AND MACEE M. WILBER

5.  Plaintiffs re-allege and incorporate herein, as though more fully set forth herein, all of the allegations contained in paragraphs one (1) through four (4) above with the same force and effect and further alleges as follows.

6.  At all times material hereto, the insurance policy issued by Defendant, ANTHEM BLUE CROSS BLUE SHIELD, to Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER, constituted a contract between the parties and which required Defendant, ANTHEM BLUE CROSS BLUE SHIELD, to make timely payment to Plaintiffs pursuant to § 628.46, Wis. Stats.

7. At all times material hereto, Plaintiffs made due demand upon Defendant, ANTHEM BLUE CROSS BLUE SHIELD, through their health insurance coverage, for payment of the medical bills incurred by their minor daughter's admission to a long-term medical facility.

8. At all times material hereto, Defendant, ANTHEM BLUE CROSS BLUE SHIELD, failed to issue a response or provide a reasonable basis for its inability to issue a response, within the 30-day timeline as set forth in Wis. Stat. § 628.46.

9. At all times material hereto, when Defendant, ANTHEM BLUE CROSS BLUE SHIELD, did issue a response, it denied the claim due to the treatment not being "medically necessary", but failed to disclose the basis of the denial or factors considered supporting the denial, as is require in Wis. Stat. § 628.46.

10. Defendant, ANTHEM BLUE CROSS BLUE SHIELD'S, failure to pay constitutes a breach of the insurance contract in question.

11. As a direct and proximate result of said breach, Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER, have sustained and continue to sustain damages in the amount of the medical bills incurred for the medical care of their minor daughter.

12. In addition, Defendant, ANTHEM BLUE CROSS BLUE SHIELD, failure to pay constitutes a violation of Wis. Stat. § 628.46 as such payment is "overdue" entitling Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER, to interest in the amount of 12% per annum on the amount due and owing.

### SECOND CAUSE OF ACTION: BAD FAITH AGAINST PLAINTIFFS, GEOFFREY D. WILBER AND MACEE M. WILBER

13. Plaintiffs re-allege and incorporate herein, as though more fully set forth herein, all of the allegations contained in paragraphs one (1) through twelve (12) above with the same force and effect and further alleges as follows:

14. On or about December 22, 2020, the Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER, submitted all information necessary for diligent and good faith evaluation of Plaintiffs' claim to the Defendant, ANTHEM BLUE CROSS BLUE SHIELD, providing written notice of the fact of a covered loss and the amount of loss at that time, and requested payment of the medical bills incurred for the care of their minor daughter.

15. On December 23, 2020, Dr. Charlisa Allen, an employee for the Defendant, ANTHEM BLUE CROSS BLUE SHIELD, without speaking to anyone from the long-term care facility, without speaking to any of the minor daughter's prior medical providers, without speaking to the Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER, and without seeking any information whatsoever about the prior or current health of the minor daughter, denied coverage stating the treatment was "not medically necessary" and was merely a result of "poor family dynamics" and "acting out behaviors".

16. On February 16, 2021, the Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER, initiated a written Appeal of Denial of Coverage to the Grievances and Appeals division for the Defendant, ANTHEM BLUE CROSS BLUE SHIELD, seeking a reversal of the original denial of benefits.

17. That the February 16, 2021 Appeal included individually written letters from the medical providers previously tasked with caring for the minor daughter, all of whom determined the only option for the safe health and welfare of the Plaintiffs' minor daughter was for her to be placed in a long-term in-patient care facility, that the providers included the minor daughter's long-time pediatrician, two mental health therapists, and a pediatric neuropsychologist.

18. That on March 24, 2021 Defendant, ANTHEM BLUE CROSS BLUE SHIELD, conducted a telephonic review of the prior claims denial, which included an Appeal Panel

comprised of several employees of the Defendant, ANTHEM BLUE CROSS BLUE SHIELD, as well as the Plaintiff, GEOFFREY D. WILBER.

19. That during the March 24, 2021 hearing, which started approximately 5 minutes late and was limited to less than 15 minutes, the Anthem Medical Director intimated that the Plaintiffs' minor daughter may not have truly been a risk to harm herself at the time of admission to the long-term facility because the doctor "had several patients who had threatened suicide multiple times but never actually went through with it", suggested the original reviewing doctor, Charlisa Allen, was "simply making an off-handed comment" when she wrote the basis for the original denial of benefits was a result of "poor family dynamics" and "acting out behaviors", before ultimately agreeing to attempt to call the minor daughter's pediatrician, Dr. Megan Hambrook, and primary mental therapist, Maureen Goldblat, to discuss the minor daughter's mental and physical health leading up to the admission to the long-term, in-patient care facility to better determine if the minor daughter's state of mind at the time of admission.

20. That on March 25, 2021, Cynthia Gardner, a claims manager for the Defendant, ANTHEM BLUE CROSS BLUE SHIELD, called the Plaintiff, GEOFFREY D. WILBER, and asked him to help her contact the long-term care facility because she had not been able to reach anyone at the facility and stated the appeal would be denied if she was unable to reach someone from the long-term care facility.

21. That on March 26, 2021, the Defendant, ANTHEM BLUE CROSS BLUE SHIELD, sent a letter maintaining its previous coverage denial for the medical bills incurred by the Plaintiffs' minor daughter.

22. That at no time did the Defendant, ANTHEM BLUE CROSS BLUE SHIELD, attempt to contact the Plaintiffs' minor daughter's pediatrician or primary mental health therapist,

as was suggested by the Appeals Panel during the March 24, 2021 hearing; nor did the Defendant ever contact anyone from the current long-term care facility currently caring for the minor daughter, or speak to anyone who has ever met, or spoken with, or provided care for, or provided testing for, or speak to anyone who has made any actual medical diagnoses of the Plaintiffs' minor daughter at any time during either the initial coverage denial or during the appeal of the coverage denial.

23. That on April 13, 2021, the Plaintiff, GEOFFREY D. WILBER, called the customer service department to request the file notes documenting the actions taken and decisions made by the Defendant's Appeals Panel, as it relates to the March 24, 2021 telephonic hearing, and any and all subsequent actions taken by the panel; that the first two calls by the Plaintiff resulted in customer service personel hanging up on the Plaintiff after placing him on a long hold; that a third call resulted in the Plaintiff eventually being transferred to a "manager" named Candace McKeller who stated she needed to get approval from her manager before she would be able to email the requested documents to the Plaintiff; that in total, the Plaintiff spent over three (3) hours on the phone attempting to obtain the requested information.

24. That on April 14, 2021, Candace McKeller sent the Plaintiff, GEOFFREY D. WILBER, an email asking if anyone had sent him the requested information as discussed on April 13, 2021; that the Plaintiff responded that same morning that he had not received any of the requested information; that on April 15, 2012, the Plaintiff, GEOFFREY D. WILBER, again emailed Candace McKeller asking for a status update on the requested information, in-response to the Plaintiff's original request, and in-response to the April 14, 2021 email from Candace McKeller; that on April 19, 2021, a voicemail was left for Candace McKeller asking for a status update; that on April 20, 2021, another email was sent to Candace McKeller asking for a status

update; that the Plaintiffs have not received a response to any of the above requests for information or updates to the status of the request for information.

25. The actions of the Defendant, ANTHEM BLUE CROSS BLUE SHIELD, by and through the authorized actions of its employees, agents, servants or the like in failing to pay under its health insurance policy constitutes bad faith conduct on the part of the Defendant, and a breach of its fiduciary duty to its insureds for the following, yet not exclusive, reasons:

a. There was no reasonable basis for the Defendant, ANTHEM BLUE CROSS BLUE SHIELD, to deny payment or coverage for the Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER's, claim in whole or in part for the benefits provided under the policy in question;

b. Defendant, ANTHEM BLUE CROSS BLUE SHIELD, did not properly investigate the Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER's, claim and/or the investigation was not given reasonable evaluation and review.

c. Defendant, ANTHEM BLUE CROSS BLUE SHIELD, did not support the basis of the denial as being "not medically necessary" with any expert medical reports as is required by Wis. Stat. § 628.46.

### THIRD CAUSE OF ACTION: PUNITIVE DAMAGES

26. Plaintiffs re-allege and incorporate herein, as though more fully set forth herein, all of the allegations contained in paragraphs one (1) through twenty-nine (29) above with the same force and effect.

27. Defendant, ANTHEM BLUE CROSS BLUE SHIELD, acted in bad faith intentionally for the purpose of delaying and harassing the Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER, to discourage them from asserting their rightful claim and/or to avoid

Page | 9

or reduce the payment due Plaintiffs under their medical insurance policy and is subject to punitive damages.

28.  At all times material hereto, the Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER, allege and assert that they are entitled to punitive damages from the Defendant, ANTHEM BLUE CROSS BLUE SHIELD, because the conduct as heretofore alleged constitutes an intentional disregard of their rights.

**WHEREFORE**, the Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER, demand judgment against the Defendant, ANTHEM BLUE CROSS BLUE SHIELD, as follows:

1.  On the First Cause of Action on behalf of the Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER, in an amount to be determined by the trier of fact together with the pre-judgment interest, post-judgment interest, costs, actual attorney fees and disbursements of this action;

2.  On the Second Cause of Action on behalf of the Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER, for a determination that the Defendant, ANTHEM BLUE CROSS BLUE SHIELD, violated Wis. Stat. §628.46, and award the Plaintiffs damages in an amount to be determined by the trier of fact together with the pre-judgment interest, post-judgment interest, costs, actual attorney fees and disbursements of this action;

3.  On the Third Cause of Action on behalf of the Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER, be awarded punitive damages against the Defendant, ANTHEM BLUE CROSS BLUE SHIELD, in an amount to be determined by the trier of fact;

4.  For any and all other relief the Court deems just and equitable.

**PLAINTIFF HEREBY DEMANDS THAT THE ABOVE ENTITLED ACTION BE TRIED BY A JURY OF TWELVE (12) PERSONS**

Dated at Milwaukee, Wisconsin this 26th day of April, 2021.

          GRUBER LAW OFFICES, LLC
          Attorneys for Plaintiffs, GEOFFREY D. WILBER and MACEE M. WILBER, a Minor by his guardian ad litem, Geoffrey D. Wilber

      By: /s/ Geoffrey D. Wilber
         Geoffrey D. Wilber
         SBN: 1041500

**POST OFFICE ADDRESS**:
100 East Wisconsin Avenue, Suite 2800
Milwaukee, Wisconsin 53202
Telephone: 414.276.6666
gdw@gruber-law.com