THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| GEOFFREY D. AND MACEE M. WILBER, | ) |
| Plaintiffs, | ) |
| vs. | ) Civil Action No. 2:21-cv-00688-SCD |
| ANTHEM BLUE CROSS BLUE SHIELD, | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ANTHEM BLUE CROSS BLUE SHIELD'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND STRIKE JURY DEMAND**

Compcare Health Services Insurance Corp. and Blue Cross Blue Shield of Wisconsin, d/b/a Anthem Blue Cross Blue Shield (collectively, "Anthem") (incorrectly sued solely as Anthem Blue Cross Blue Shield), by and through counsel, respectfully files this Motion to Dismiss the Complaint of Plaintiffs Geoffrey D. and Macee M. Wilber (collectively "Plaintiffs") in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) and strike the jury demand pursuant to Fed. R. Civ. P. 12(f). In support of this Motion, Anthem states as follows:

### I.  INTRODUCTION

Plaintiffs allege a variety of state-law claims premised on Anthem's failure to pay medical bills under a health insurance policy.[1] However, Plaintiffs' claims derive solely from an employer health benefits plan, governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Because Plaintiffs' claims are preempted by ERISA, Plaintiffs' entire Complaint should be dismissed and Plaintiffs' demand for trial by jury should be stricken.

---

[1] Plaintiffs filed their Complaint in the Circuit Court of Waukesha County, Wisconsin on April 26, 2021. (*See* ECF No. 1-1, Notice of Removal Ex. A, "Compl."). Anthem was served with the Complaint on May 4, 2021 and timely removed on June 3, 2021. (ECF No. 1-2, Ex. B, "State Court Papers.")

## II.     BACKGROUND[2]

Plaintiffs' Complaint arises from Plaintiffs' request for payment of medical bills by Anthem. Among other things, Plaintiffs allege that (i) they have demanded payments "through their health insurance coverage, for payment of [] medical bills"; (ii) an employee of Anthem denied coverage; (iii) they initiated an appeal; and (iv) Anthem upheld its previous denial following a telephonic appeal. (*See* ECF No. 1-1, Notice of Removal Ex. A, "Compl." ¶¶ 7, 16, 18 and 21.)

Plaintiffs bring three causes of action in their Complaint: breach of contract and violation of Wis. Stat. § 628.46 (Cause I) (*id.* at p. 4); bad faith (Cause II) (*id.* at p. 5); and punitive damages (Cause III) (*id.* at p. 9). All three causes of action arise solely from Anthem's alleged failure to pay amounts purportedly owed under Plaintiffs' health insurance policy. (*See id.* at ¶ 10, alleging Anthem's "failure to pay constitutes a breach of the insurance contract in question;" ¶ 25 "failing to pay under its health insurance policy constitutes bad faith conduct;" ¶ 27 "[Anthem] acted in bad faith intentionally . . . to discourage [Plaintiffs] from asserting their rightful claim and/or reduce the payment due Plaintiffs under their medical insurance policy and is subject to punitive damages.") Plaintiffs seek damages on their breach of contract claim, a determination that Anthem violated Wis. Stat. § 628.46, and punitive damages, as well as "pre-judgment interest, post-judgment interest, costs," and attorneys' fees. (*Id.* at p. 10, ¶¶ 1–3.) Finally, Plaintiffs demand the action be tried by a jury. (*Id.* at p. 10).

Plaintiffs allege that they receive health insurance coverage from Anthem and that plan is sponsored by Plaintiff Geoffrey D. Wilber's employer, Gruber Law Offices, LLC (the "Plan"). (*Id.* at ¶ 7; *see also* ECF No. 1-3, Notice of Removal Ex. C, "Rickards Decl." ¶ 5). The Plan is

---

[2] Anthem takes Plaintiffs' allegations as true only for the purposes of the present Motion and, by reciting them here, does not concede the truth or accuracy of any of the allegations in Plaintiffs' Complaint.

established and maintained by Mr. Wilber's employer for the purpose of providing medical benefits to its employees. (*Id.* at ¶ 6; *see also* Declaration of Amanda Rickards, authenticating and attaching Ex. 1, the relevant health benefit plan booklets for the Gruber Law Offices, LLC employer health plan ("booklet").[3])

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal when a plaintiff's complaint fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Seventh Circuit interprets this plausibility standard to mean that the plaintiff must "give enough details about the subject-matter of the case to present a story that holds together." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)).

---

[3] The booklet is critical to the Complaint. (*See, e.g.,* Compl. ¶ 10, referring to the "insurance contract in question," ¶ 25, "failing to pay under [Anthem's] health insurance policy," and ¶ 27, referencing payment under the "medical insurance policy.") Therefore, the booklet is properly considered as part of a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). *See Griffin v. Teamcare*, 909 F.3d 842, 844 n.* (7th Cir. 2018) (per curiam) (considering an ERISA plan document because it was attached to Defendant's motion to dismiss, Plaintiff referenced it in the complaint, and it was central to her claim); *and Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009) (finding the district court had not erred in considering nearly 900 pages of material in an ERISA case, including summary plan descriptions, supplements to the same, and a trust agreement between two entities, when deciding a 12(b)(6) motion to dismiss).

## IV. ARGUMENT

Plaintiffs pled three causes of action: breach of contract and violation of Wisc. Stat. § 628.46 (Cause I), bad faith (Cause II), and for punitive damages as a result of Anthem's conduct (Cause III). Because Plaintiffs' claims should have been brought under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), the Plaintiffs have failed to state a claim upon which relief can be granted, and the Complaint should be dismissed in its entirety. Additionally, because ERISA does not provide for punitive damages or trial by jury, Cause III should be dismissed with prejudice and their demand for a jury trial stricken pursuant to Fed. R. Civ. P. 12(f).

### A. ERISA's Statutory Framework

ERISA defines an "employee welfare benefit plan" as "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries . . . medical, surgical, or hospital care or benefits." 29 U.S.C. § 1002(1). ERISA's provisions apply to any employee welfare benefit plan that is "established or maintained . . . by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a)(1). ERISA § 502(a) provides, in relevant part, that "a civil action may be brought" "by a participant or beneficiary," "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B).

### B. ERISA Preemption

"When a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed," because "a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207–08 (2004) (internal citations and quotations omitted). "ERISA is one of these statutes." *Id.*; *see also Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 724 (7th Cir. 2017) ("ERISA is one of those statutes with expansive preemption power . . .

[W]ith the exception of a few identified circumstances, ERISA supersedes any and all State laws insofar as they may now or hereafter relate to any employee benefit plan created by any employer engaged in interstate commerce.") (internal citations and quotations omitted).

"[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210; *accord Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 599 (7th Cir. 2008) (referencing "both *Davila* prongs in the test for complete preemption . . .").

### C. Plaintiffs' Claims are Preempted by ERISA

The Court should dismiss Plaintiffs' claims because they are completely preempted by ERISA under both parts of the *Davila* test set out above. The first part of the test set forth in *Davila* is satisfied: each of Plaintiffs' causes of action arises solely from Anthem's failure to pay under Plaintiffs' health insurance policy. (*See, e.g.,* Compl. ¶¶ 10, 25, 27.) The Plan was established and is maintained by Plaintiffs' employer to provide medical benefits in the event of sickness, and thus an "employee welfare benefit plan" under ERISA. *See* 29 U.S.C. § 1002(1); *see also, e.g.*, Rickards Decl., Ex. A at Ex. 1 at 3–4, articulating members' ERISA rights. As Plaintiffs are participants bringing a civil action to recover benefits under the terms of the Plan, the claims arise under ERISA § 502(a)(1)(B). *See* 29 U.S.C. § 1132(a)(1)(B).

The second part of the test set forth in *Davila* test also is satisfied. If interpretation of an ERISA plan is an essential part of a claim, no independent legal duty is implicated. *See Studer*, 867 F.3d at 726 ("[B]ecause [Plaintiff] was a participant [in an ERISA plan], the [Defendant] would be liable [under the state statute] only if it failed to pay [Plaintiff] directly for the [amount] she was due *under the terms of the [ERISA-governed] plan*.") (emphasis in original); *see also*

*Beattie v. Kohler Co.*, No. 20-C-290, 2020 U.S. Dist. LEXIS 75069, *7-8 (E.D. Wis. Apr. 29, 2020) ("[I]f there were no ERISA plan and if Defendant as the plan administrator had not administered the Plan as it did, Plaintiff would have no claim. . . . In short, Plaintiff's claims do not implicate a legal duty independent of ERISA.") (internal citations and quotations omitted). Because all of Plaintiffs' claims depend upon obligations created by the Plan, no separate, independent legal duty is implicated.

Plaintiffs' claims are thus completely preempted by ERISA, and Courts in this district have routinely dismissed the same claims Plaintiffs raise here: breach of contract, violation of Wisc. Statute § 628.46, and bad faith. *See, e.g., Mondovi Dairy Sys. v. Blue Cross Blue Shield of Wis.*, Case No. 15-CV-826-JPS, 2016 U.S. Dist. LEXIS 2401, *10 (E.D. Wis. Jan. 8, 2016) (dismissing claims for breach of contract and bad faith, noting that "both state claims in this case . . . are unambiguously preempted by ERISA.") (citations omitted) *and Koehler v. Metro. Life Ins. Co.*, No. 06-C-0233, 2007 U.S. Dist. LEXIS 47945, *1 n.1 (E.D. Wis. July 2, 2007) ("[Plaintiffs] also raised state law claims of breach of contract, breach of fiduciary duties, and a claim pursuant to Wis. Stat. § 628.46. ERISA preempts those claims.") (citation omitted); *see also Beattie*, 2020 U.S. Dist. LEXIS 75069 at *8 ("Plaintiff's state law claims fall within the scope of § 502(a) and are completely preempted. Accordingly, Plaintiff's claims must be dismissed.").

### D. Plaintiffs' claims for relief not available under ERISA should be dismissed with prejudice

Plaintiffs' claims are preempted by ERISA § 502(a)(1)(B), yet Plaintiffs have alleged a claim for punitive damages and demanded a trial by jury. Neither form of relief is available under ERISA. The claim for punitive damages should be dismissed with prejudice, and the demand for a jury stricken.

#### i. ERISA does not provide for punitive damages

Extra-contractual damages, including punitive damages, are not available under ERISA

§ 502(a)(1)(B). *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985) ("[T]here really is nothing at all in the statutory text to support the conclusion that [an action to enforce rights under an ERISA plan] gives rise to a private right of action for compensatory or punitive relief."), *accord Harsch v. Eisenberg*, 956 F.2d 651, 655 (7th Cir. 1992); *see also Harzewski v. Guidant Corp.*, 489 F.3d 799, 804 (7th Cir. 2007) (ERISA "authorizes suits for benefits, just not for damages separate from those benefits; so only extracontractual damages are prohibited.") (quotation and citations omitted); *Maciosek v. Blue Cross & Blue Shield United*, 930 F.2d 536, 540 (7th Cir. 1991) ("[S]tate law claims for punitive damages based on an alleged improper denial of benefits [are] preempted by ERISA.").

Here, Plaintiffs seek punitive damages, which are not available for Plaintiffs' claims, as they are preempted by ERISA. District Courts throughout this Circuit have dismissed requests for punitive damages in the ERISA context for decades. *See Sandefur v. Iron Workers St. Louis Dist. Council Pension Fund*, No. 3:14-cv-175, 2015 U.S. Dist. LEXIS 90356, *10 (S.D. Ind. July 13, 2015) (dismissing requests for compensatory or punitive damages because an ERISA plaintiff "cannot recover" such damages); *Stevenson v. Milwaukee Forge*, No. 02-C-530, 2003 U.S. Dist. LEXIS 27326, *32 (E.D. Wis. July 7, 2003) (dismissing a claim for punitive damages, because "the plaintiffs' state law claims for breach of contract, misrepresentation, and punitive damages are preempted by 29 U.S.C. § 1144(a)") (citing *Harsch*, 956 F.2d at 651 for the principle that there is no right to punitive damages in a case governed by ERISA). Because Plaintiffs' claim for punitive damages cannot be granted as a matter of law, it should be dismissed with prejudice.

### ii. ERISA does not provide for a trial by jury

To the extent the Plaintiffs' claims are allowed to proceed, Anthem asks that the Court strike the demand for trial by jury pursuant to Fed. R. Civ. P. 12(f). Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) motions are employed frequently in this Circuit to strike improper jury demands as to claims for relief which afford no right to a jury trial." *Kremers v. Coca-Cola Co.*, 714 F. Supp. 2d 912, 915 (S.D. Ill. 2009) (collecting cases).

"The general rule in ERISA cases is that there is no right to a jury trial because 'ERISA's antecedents are equitable,' not legal." *McDougall v. Pioneer Ranch Ltd. Partnership*, 494 F.3d 571, 576 (7th Cir. 2007) (quoting *Matthew v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998); *see also Ponsetti v. GE Pension Plan*, 614 F.3d 684, 689 (7th Cir. 2010) (noting that a jurty trial is unavailable for an ERISA § 502(a)(1)(B) suit); *George v. Kraft Foods Global, Inc.*, No. 07 C 1713, 2008 U.S. Dist. LEXIS 22126, *6 (N.D. Ill. Mar. 20, 2008) (noting nearly 30 years of Seventh Circuit authority holding no right to a jury trial under ERISA, mostly in the context of claims under § 502(a)(1)(B)) (collecting cases).

As with claims for punitive damages, District Courts in this Circuit have stricken jury demands where the only claim "is an ERISA claim for benefits under 1132(a)(1)(B), and there is no right to a jury trial on ERISA claims." *Reinwand v. Bradley*, No. 17-cv-538-bbc, 2018 U.S. Dist. LEXIS 18250, at *3 (W.D. Wis. Feb. 5, 2018); *see also Brown v. Ret. Comm. of Briggs & Stratton Ret. Plan*, 575 F.Supp. 1073, 1077 (E.D. Wis. 1983) ("[I]f plaintiff stated a claim, she necessarily stated a claim under 29 U.S.C. § 1132(a)(1)(B), and the action is governed by ERISA and interpretive case law. . . . Accordingly, defendants' motion to strike plaintiff's jury demand is granted."). Anthem requests that the Court strike Plaintiffs' jury demand pursuant to Rule 12(f).

### V.     CONCLUSION

For the reasons stated herein, Anthem respectfully requests that the Court enter an order dismissing with Plaintiffs' Complaint in its entirety and striking Plaintiffs' jury demand.

DATE: June 10, 2021                                Respectfully submitted,

<u>/s/ Michael C. Lueder</u>
Michael C. Lueder
mlueder@hansenreynolds.com
Hansen Reynolds LLC
301 N. Broadway, Suite 400
Milwaukee, WI 53202-2660
(414) 273-8474

Martin J. Bishop (to file *pro hac vice*)
mbishop@reedsmith.com
Robert Deegan (to file *pro hac vice*)
rdeegan@reedsmith.com
REED SMITH LLP
10 South Wacker, Floor 40
Chicago, IL 60606-7507
(312) 207-1000

*Attorneys for Compcare Health Services Insurance Corporation and Blue Cross Blue Shield of Wisconsin, d/b/a Anthem Blue Cross Blue Shield (incorrectly sued solely as Anthem Blue Cross Blue Shield)*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 10, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

      /s/ *Michael Lueder*